BLACK et al. v. BLACK.

(Circuit Court, E. D. Pennsylvania. December 5, 1896.)

No. 31.

RES JUDICATA—EJECTMENT—DEFECTIVE DEED.

Certain land having been sold by the United States marshal under a judgment in a proceeding of scire facias sur mortgage, and an action of ejectment, brought by the purchaser at the marshal's sale, having been decided in her favor after a vigorous defense, the defendant in such ejectment filed her bill against the plaintiff to restrain the enforcement of the judgment in that action, and to set aside the marshal's deed, because in making the sale the marshal had failed to comply with the act of March 3, 1893, to regulate marshals' sales, both parties having been ignorant of that act when the ejectment was tried. *Held*, that the technical defect in the title of the plaintiff in the ejectment having been equally available as a defense in that action, the point was res judicata between the parties, and could not now be made the basis of equitable relief.

Francis Tracy Tobin and Henry Budd, for plaintiffs.
Arthur Biddle, for defendant.

DALLAS, Circuit Judge. This case has been heard upon bill and answer. The bill prays that a marshal's deed, executed in pursu-

ance of a sale of real estate made by him in execution of a judgment of this court in a certain proceeding of scire facias sur mortgage, shall be declared void and to confer no title, and for an injunction restraining the respondent, who was the purchaser at said sale, from issuing any execution upon a judgment which she subsequently obtained in this court in an action of ejectment which was brought by her against these complainants for recovery of the premises conveyed to her by the marshal's deed. The supposed right to this relief is that the marshal's sale was made without compliance with the provisions of the act of March 3, 1893, entitled "An act to regulate the manner in which property shall be sold under orders and decrees of any United States courts." Supp. Rev. St. p. 135. The answer admits this fact to be true, but denies that it entitles the complainants to the remedy they have invoked. The bill states "that a judgment was obtained in the said proceeding in ejectment, the basis of the title of the plaintiff being, as appears by the record, the sale by the marshal in the proceeding sur scire facias." I have examined the record in the action of ejectment which is thus referred to, and find that it discloses that the plaintiff therein put in evidence not only the marshal's deed, but also the entire record of the action by scire facias, "in which there was a verdict of $31,340.80, and judgment, execution, and sale of the mortgaged premises." All the parties to this suit were parties to that ejectment, and the same issue was there joined as is here presented, viz. as to whether the right of possession or title to this identical land was, or was not, in Mary K. L. Black, the plaintiff in the ejectment and the present defendant. Therefore, every question which might have been decided upon the trial of the ejectment must now be held to have been thereby conclusively determined.

Why could not the question raised by this bill have been raised in the ejectment? I am unable to discover any reason for supposing that it could not have been, and therefore must regard it as res judicata. As already said, the judgment on scire facias, the execution, the sale, and the deed were all adduced in evidence. If the deed was void, its invalidity could then have been shown as well as now, and the action would have been defeated. It appears that the counsel for the defendants in ejectment objected to the admission of the record of the scire facias proceeding on the ground that it was, as he contended, a "form of proceeding of which the court had no jurisdiction"; but he intimated nothing respecting the sale having been irregularly made. Yet then was the time to expose any such defect in the respondent's title. That was these complainants' day in court, but they were then silent, and cannot now be heard to speak. The point here relied upon does not rest upon equitable principles, but upon the alleged legal insufficiency of the record produced by the plaintiff in ejectment, and which the bill avers was her basis of title, by reason of the fact that the sale shown by it had been made in violation of a positive provision of the law. The bill sets up nothing but a defense to an already vigorously contested and finally adjudicated action of ejectment. Its real object is to annul that

adjudication, not upon equitable grounds, but solely by reason of an alleged technical defect in the legal title which was sustained. This object it cannot attain, not only because the same matter might have been interposed in the ejectment proceeding (Cromwell v. Sac Co., 94 U. S. 352), but also because, even if that matter were cognizable only in equity, this suit should have been brought before the action at law had been determined.   It is not asserted that there was anything to prevent this being done, except that the complainants were not then aware of the existence of the statute of 1893. But "ignorance of the law excuseth no man," and there is no such substantial merit in the case now presented as should incline a court of equity to regard it with especial favor.   The record in the ejectment case satisfies me that to disturb the judgment it embodies, or to restrain its execution, would not be to do equity, but to impede the administration of justice, and for no better reason than that the complainants had not known in due season that there were certain requirements of law which the respondent also had not known, and therefore had not complied with, but the disregard of which, so far as appears, occasioned no loss or injury to any one.   The bill is dismissed, with costs.